915 F.2d 1584
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Jonathan D. HEIN.
 No. 90-1319.
 United States Court of Appeals, Federal Circuit.
 Sept. 18, 1990.
 
 Before PLAGER, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 LOURIE, Circuit Judge.
 
 
 1
 This is an appeal from the Board of Patent Appeals and Interferences ("Board"), affirming the Examiner's rejection of applicant's sole claim as being anticipated under 35 U.S.C. Sec. 102(b) and obvious under 35 U.S.C. Sec. 103. Because the Board did not err, we affirm.
 
 
 2
 The sole claim appealed in this application reads as follows:
 
 
 3
 A fuel mixture for general use in internal combustion, spark ignition engines comprised of either
 
 
 4
 # 2 diesel fuel and gasoline,
 
 
 5
 # 1 diesel fuel and gasoline,
 
 
 6
 # 2 fuel oil and gasoline,
 
 
 7
 # 1 fuel oil and gasoline,
 
 
 8
 kerosene and gasoline, or
 
 
 9
 Mineral spirits and gasoline, or mixtures of the constituents of any of the above, if going by any other name, and gasoline, or mixtures of any of the above mixtures or their constituents with gasoline, in such proportions as will give rise to an improvement of efficiency of an engine or decrease in fuel consumption for a given load or use of an engine compared to gasoline alone as a fuel, and which permits the inclusion of alcohols or other fuels which normally depress fuel mileage without such degree of depression.
 
 
 10
 The Examiner rejected this claim as failing to particularly point out and distinctly claim the subject matter which appellant regards as his invention, as being anticipated by Chou U.S. Patent 4,395,998, as being obvious in light of Anderton U.S. Patent 4,366,780 in view of Wilkes U.K. Patent 1,513,051 and as being obvious in light of Wilkes, Verlinde U.S. Patent 3,515,106, or Turner U.S. Patent 1,261,740. The Board sustained the rejections based on anticipation by Chou and obviousness over Anderton in view of Wilkes, over Wilkes alone, or over Verlinde.
 
 
 11
 Appellant contends that the Board incorrectly decided that it could not review decisions of non-entry of an amendment; incorrectly decided the facts; applied the wrong law; failed to consider applicant's amended claims; failed to consider the differences between the references cited and the claimed invention; improperly applied the law in its multiple alternative rejection of appellant's claim; and incorrectly decided that his invention was not reduced to practice before Anderton or Chou. He argues that "[t]he law in its purity does not allow for a rejection on alternate references or sources nor to reject on alternate grounds pertaining to a single reference" but cites no cases for this proposition. Appellant contends that a "better precedent to rule by is the truth" and that he has experienced much "aggrievedness" during the prosecution of this patent application.
 
 
 12
 The Board was correct in deciding that it could not review the examiner's refusal to enter appellant's final amendment because that decision, based on lack of support in the specification, was a matter of discretion for the examiner and as such is reviewable only by way of petition to the Commissioner of Patents. In re Mindick and Reven, 152 USPQ 566, 568 (CCPA 1967). The Board was also correct in its view that Chou anticipates appellant's claimed invention, the only rejection substantively discussed by appellant in this appeal, because Chou discloses the claimed mixture of kerosene and gasoline which can be used in Chou's gasifier system to improve internal combustion efficiency.
 
 
 13
 Because we see no error in the Board's decision, we hereby adopt the Board's conclusions as to its Section 102 rejection of appellant's claim and affirm.
 
 
 14
 AFFIRMED.